UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER MCDANIEL,

        Plaintiff,

v.                                                   Case No.  2:23-cv-10922
                                                  Honorable Sean F. Cox

UNKNOWN LYONS,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE**

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Michigan prisoner Christopher McDaniel, presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, sues defendant Correctional Officer Lyons for violations of his Eighth Amendment right against cruel and unusual punishment. Plaintiff sues defendant Lyons in his personal capacity for monetary damages. As discussed below, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff will also be denied leave to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith.

**I.**

McDaniel has been granted *in forma pauperis* status. (ECF No. 4.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C.

§ 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

McDaniel's allegations arise from his confinement at the Macomb Correctional Facility in Lenox, Michigan.  He alleges that on August 12, 2022, yard officers placed him inside an outdoor "segregation kennel" for a Class II misconduct.  He states that defendant Lyons left him in segregation without drinking water or access to bathroom facilities for approximately six hours.  He alleges that Lyons left him unattended, except to bring him dinner at 5:00 p.m. and an 8 oz. carton of milk.  McDaniel further states that he was forced to urinate on himself because he was left unattended without access to a toilet.  McDaniel asserts that Lyons violated his Eighth Amendment right to be free from cruel and unusual punishment and caused him humiliation and emotional distress.

## III.

The Court dismisses the complaint on the basis that McDaniel fails to state a claim upon which relief can be granted.  "In order to state a claim that prison conditions violate the Eighth Amendment, the prisoner must plead facts showing that he has been subjected to deprivations so serious that he was deprived of the minimal civilized measure of life's necessities and that prison officials acted wantonly, with deliberate indifference to his serious needs." *Powell v. Washington*, 720 F. App'x 222, 227–28 (6th Cir. 2017) (quotation marks omitted).  "The prisoner must allege extreme deprivations to state an Eighth Amendment conditions-of-confinement claim." *Id*. (quotation marks omitted).  "[N]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011)

3

(quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quotation makes omitted)). Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (citation omitted)).

McDaniel claims that being locked in segregation for approximately six hours without water and access to a toilet constituted cruel and unusual punishment. The Supreme Court has recognized that the "deprivation of bathroom breaks that created a risk of particular discomfort and humiliation," could, under some circumstances, implicate the Eighth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). The Sixth Circuit has also "acknowledged that inadequate access to water and toilets can violate an inmate's Eighth Amendment rights if it continues for an extended period." *Barker v. Goodrich*, 649 F.3d 428, 436 (6th Cir. 2011) (citing *Dellis*, 257 F.3d at 512).

In *Hartsfield v. Vidor,* 199 F.3d 305, 309-10 (6th Cir. 1999), the Sixth Circuit held that temporary denials of the opportunity to use a toilet are not cruel or unusual. The plaintiff in *Hartsfield* was held in top-of-bed restraints for 18 hours after he damaged his cell. The court concluded that the denial of access to a toilet for 18 hours would not rise to the level of an Eighth Amendment violation. *Id*. The Sixth Circuit has also held that deprivation of drinking water for approximately six overnight hours does not constitute extreme deprivation of water in violation of the Eighth Amendment. *Powell,* 720 F. App'x at 228; *see also Stephens v. Carter Cnty. Jail*,

816 F.2d 682 (6th Cir. 1987) (holding that deprivations of fresh water and access to the toilet for a 20–hour period, while harsh, were not cruel and unusual punishment).

Here, McDaniel fails to demonstrate a violation of the Eighth Amendment. Much like *Hartsfield* and *Powell*, McDaniel experienced an instance of temporary inconvenience and short-term deprivation. First, McDaniel's deprivations were temporary because they only lasted for a short six-and-a-half-hour period. And he does not allege that he was repeatedly denied access to a toilet and water. *See Boles v. Lewis*, No. 1:07-CV-277, 2008 WL 4534043, at *5 (W.D. Mich. Sept. 30, 2008) ("Allegations of ongoing and repeated deprivations of basic human needs cannot be deemed, as a matter of law, to be merely temporary inconveniences."). Second, McDaniel has not shown that his deprivations were extreme. Even though he alleges that he was deprived access to a bathroom, McDaniel does not allege that he requested a bathroom break and Lyons denied his requests. *See Knop v. Johnson*, 655 F. Supp. 871, 878 (W.D. Mich. 1987) (denying defendant's motion for involuntary dismissal where plaintiffs presented evidence that prisoners' Eighth Amendment rights were violated because their requests to be released from cell to use the bathroom were ignored). Similarly, McDaniel's allegation regarding inadequate drinking water fails because Lyons did provide McDaniel with a carton of milk during his segregation confinement. While McDaniel's experience was certainly unpleasant, his single instance of temporary discomfort does not arise to cruel and unusual punishment within the meaning of the Eighth Amendment. Therefore, the Court will dismiss the complaint.

## V.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Dated:  May 26, 2023

s/Sean F. Cox
Sean F. Cox
U. S. District Judge